# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN GENTRY, as the surviving daughter of decedent, NANCY GEIGER,      Plaintiff, <br><br> v. <br><br> FRIENDSHIP VILLAGE OF WEST COUNTY, et al., <br><br>      Defendants. | No. 4:22-CV-730 RLW |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's unopposed motion to seal portions of the parties' settlement agreement. (ECF No. 48). The Court will grant the motion for the reasons below.

### Background

This wrongful death action arises from the death of Nancy Geiger ("Decedent") on October 23, 2021, while she was a resident of Friendship Village of Chesterfield, a skilled nursing facility located in Chesterfield, Missouri. In her Amended Complaint, Plaintiff Kathleen Gentry—Decedent's natural daughter—alleges that Defendants' negligence caused Decedent's death. (ECF No. 6). Following the parties' stipulation of partial dismissal, only defendants Friendship Village and FV Services, Inc. remain. (ECF Nos. 28, 29).

The parties reached a settlement in this matter through mediation on May 26, 2023. (ECF Nos. 27, 43). They have since filed a joint motion for approval of the settlement agreement. (ECF No. 47). Per the agreement, Plaintiff and her sister, Anne Gau—the wrongful death beneficiaries under Mo. Rev. Stat. § 537.080—are to receive a monetary sum in exchange for a release of all

claims against Defendants arising from the death of Decedent. (ECF No. 47). Defendants deny all liability. *Id.* That motion remains pending.

## Discussion

Before addressing the parties' joint motion for approval of the settlement agreement, the Court must first take up Plaintiff's motion for leave to file portions of the agreement under seal. (ECF No. 48). "[T]here is a common-law right of access to judicial records." *Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)) (internal quotation marks omitted). "This right of access is not absolute," however, "but requires a weighing of competing interests." *Id*. When this common-law right is implicated, the Eighth Circuit "give[s] deference to the trial court rather than taking the approach of some circuits and recognizing a 'strong presumption' favoring access." *Id*. (quoting *United States v. Webbe*, 791 F.2d 103, 106 (8th Cir. 1986)). Whether sealing is warranted turns on "the relevant facts and circumstances of the particular case." *Warner Commc'ns*, 435 U.S. at 599.

Local Rule 13.05 governs the sealing of materials in civil and criminal cases. Under Rule 13.05, the party seeking to file documents under seal must first file an unsealed motion for sealing. E.D.Mo. L.R. 13.05(A)(4)(a). The motion must describe the nature of the document, the legal grounds for sealing, and the requested duration for the sealing. *Id.* The movant must also file under seal a memorandum in support of the motion and complete copies of the documents at issue. E.D.Mo. L.R. 13.05(A)(4)(b). Lastly, the movant must file either redacted copies of the documents for the public record or a sealed memorandum explaining why that is not possible. E.D.Mo. L.R. 13.05(A)(4)(c).

Plaintiff has complied with the filing requirements of Local Rule 13.05. Plaintiff has filed redacted copies of the proposed settlement agreement and allocation statement. (ECF No. 49). In her sealed memorandum in support, Plaintiff asserts that confidentiality was a key motivating factor behind the parties' willingness to settle and that requiring disclosure of the specific terms of the agreement would dissuade the parties from reaching a settlement. (ECF No. 52 at ¶ 5).

Having reviewed the documents *in camera*, the Court finds that Plaintiff's motion is narrowly drawn and sealing would not interfere with the interests served by the common-law right of access. *See United States v. Garner*, 39 F.4th 1023, 1024 (8th Cir. 2022); *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). Plaintiff seeks only to redact details relating to the settlement amount and the allocation of the settlement amount, which constitutes only a small fraction of the settlement agreement. The vast majority of the terms—including Defendants' denial of liability and Plaintiff's release of future claims—remain accessible to the public.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Leave to File a Confidential Release and Settlement Agreement Under Seal is **GRANTED**. (ECF No. 48).

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 31st day of July, 2023.